UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        Case No. 11-20188

vs.

        HON. GEORGE CARAM STEEH

BERNARD EDMOND,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 USC § 2255  [ECF Nos. 317, 360]

This matter comes before the Court on defendant Bernard Edmond's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (ECF No. 317). The Court granted defendant's request for appointment of counsel, and counsel filed a supplemental brief in support of defendant's § 2255 motion (ECF No. 360). Defendant makes three claims in his motion: (1) carjacking is not a crime of violence for purposes of § 924(c), (2) a conspiracy cannot be the predicate for his § 924(c) charges, and (3) his attorney was ineffective for failing to raise an argument that an agent provided false and perjured testimony. The matter was fully briefed, and the Court heard oral argument on September 14, 2020.

## I. Procedural Background

On September 17, 2013, the jury returned a verdict convicting defendant on § 371 conspiracy, four substantive carjacking charges and three corresponding § 924(c) counts (one for each of three carjackings), and five other related charges. On October 27, 2014, the Court sentenced defendant to a total of 75 years. The sentence was comprised of a mandatory minimum of 55 years on the three firearm counts and a combined consecutive 20 years on the other counts.

Defendant appealed his convictions, and his appeal was consolidated with his codefendants' appeals. *See United States v. Edmond*, 815 F.3d 1032 (6th Cir. 2016). In a published decision dated March 3, 2016, the Sixth Circuit affirmed all of the defendants' convictions and sentences. *Id*. at 1038. The Court denied their petitions for rehearing *en banc* on May 4, 2016. *Id*. at 1032. After the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), the Sixth Circuit affirmed Edmond's convictions but vacated his sentence and remanded "for the limited purpose of resentencing in light of *Dean*." (ECF No. 270: Order, 2, No. 14-2428). This Court resentenced defendant to one day on ten of the convictions (the conspiracy, each of the four carjackings, and counts 18

through 22) and the minimum mandatory 55 years for the three § 924(c) convictions (ECF No. 311).

## II. Argument

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

**A.   Carjacking is a crime of violence under 18 U.SC. § 924(c)**

Section 924(c) provides enhanced penalties for anyone who "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," "during and in relation to a crime of violence." 18 U.S.C. § 924(c)(1)(A).  An individual convicted of a crime of violence during which a firearm is discharged is subject to a

mandatory minimum sentence "in addition to the punishment provided" for the underlying crime of violence. 18 U.S.C. § 924(c)(1)(A)(iii).

Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3). Courts commonly refer to § 924(c)(3)(A) as the "force clause" or "elements clause" and to § 924(c)(3)(B) as the "residual clause."

Defendant Edmond claims that carjacking is no longer a crime of violence under the Supreme Court's holding that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019). However, the Sixth Circuit recently rejected an identical claim by Edmond's codefendant (Frank Harper) in *Harper v. United States*, 792 F. App'x 385, 389 (6th Cir. 2019). The Court held:

> Although the Supreme Court has determined that § 924(c)'s residual clause is unconstitutionally vague, *United States v. Davis*, —— U.S. ——, 139 S. Ct. 2319, 2336 (2019), this court has held that carjacking constitutes a crime of violence under § 924(c)'s elements clause, *United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019). Harper argues that carjacking is not a crime of violence because it can be committed by "intimidation." He asserts that carjacking by "intimidation" can be accomplished "by making a statement that only could theoretically, not actually, put someone in fear of bodily harm, and therefore does not satisfy" § 924(c)'s elements clause. But in *Jackson*, we rejected a similar argument and concluded that the commission of carjacking by "'intimidation' necessarily involves the threatened use of violent physical force." *Jackson*, 918 F.3d at 486. This published holding forecloses Harper's claim that his carjacking convictions were not crimes of violence under § 924(c).

Defendant's argument that after the Supreme Court's decision in *Davis* carjacking is no longer a crime of violence is foreclosed by the Sixth Circuit's holdings in *Jackson* and *Harper*.

**B.   Predicate convictions for 18 U.SC. § 924(c)**

Defendant tries to distinguish his carjacking convictions from those of his codefendants by arguing that while the Harpers were directly involved in the commission of the carjackings, he was only linked to the offenses under a co-conspirator theory of liability. Defendant relies on the Supreme Court holding in *Davis*, which vacated a § 924(c)(1)(A) conviction that was predicated on Hobbs Act conspiracy because it only qualified as a crime of

violence under the residual clause of § 924(c), which the Court found to be unconstitutionally vague. *Id*., 139 S. Ct. at 2325. Defendant argues that his convictions for conspiracy to commit carjackings similarly do not support his 924(c) convictions because they do not fall within the scope of the statute's elements clause and the residual clause has been declared unconstitutionally vague.

However, defendant's argument falls apart because his 924(c) convictions are not based on charges of conspiracy to commit carjacking. Rather, his three § 924(c) counts were each based on a predicate substantive carjacking count. The third superseding indictment specifies that each § 924(c) is based on one substantive carjacking count. (ECF No. 109: Third Superseding Indictment, 442-44, 447). The government's closing argument is consistent with the indictment. (ECF No. 181: Trial Tr., 3159) ("And so we have the carjackings and the gun charges. They are paired together in order. There are seven of them. So we have Count 2. That will be a carjacking. The gun for that is right behind it, Count 3. Then we go like that all the way through to Count 15."). The verdict form has the identical pairings. (ECF No. 137: Verdict Form, 733-34).

The fact that the government argued a co-conspirator theory of liability and that the jury was given a *Pinkerton* instruction does not change

the fact that defendant was convicted of the substantive offenses of carjacking.  "Under *Pinkerton v. United States*, 328 U.S. 640, 645-48 (1946), a conspirator may be convicted of a substantive offense that other conspirators commit during and in furtherance of a conspiracy.  This includes a § 924(c) offense." *United States v. Woods*, No. 17-20022, 2020 WL 999036, at *7 (E.D. Mich. Mar. 2, 2020).  On appeal, the Sixth Circuit affirmed the *Pinkerton* instruction and found sufficient evidence for the jury to convict defendant of the substantive carjacking counts.  *United States v. Edmond*, 815 F.3d 1032, 1040-41 (6th Cir. 2016).  The substantive offense qualifies as a crime of violence under the elements clause, so it does not violate the holding in *Davis*.  The carjacking convictions under a *Pinkerton* co-conspirator theory qualify as crimes of violence for the 924(c) counts.  Therefore, contrary to defendant's arguments, § 924(c)'s residual clause is not implicated, and *Davis* is not applicable.

### C.     **Ineffective Assistance of Counsel**

Defendant argues that his trial counsel provided ineffective assistance because, despite a request by defendant, counsel did not timely raise the issue to the trial court that lead FBI Agent Southard had presented false and perjured testimony to the grand jury.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. A defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687-88.

Under the first prong of the *Strickland* standard, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). The Court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Even if counsel's conduct was deficient, defendant must also show that this deficiency prejudiced him by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Defendant does not explain how his counsel's failure to raise the issue of Agent Southard's false and perjured testimony to the trial court was "outside the wide range of professionally competent assistance." Nor does defendant identify how the result of his case would have been different but for counsel's unprofessional errors.

The Sixth Circuit addressed Agent Southard's testimony in the context of a claim of prosecutorial misconduct raised by Frank Harper on appeal. The Court reviewed the claim for plain error as Harper failed to raise the argument below. Frank did not prove the statements were false, only inconsistent, and that the inconsistencies had reasonable explanations. Therefore, the Court concluded that Frank failed to carry his burden of proof to show that Southard perjured himself. *Edmond*, 815 F.3d at 1046-47. The Court further held that the supposedly false testimony did not affect Frank's substantive rights because there is no "reasonable probability" that the statements led to a faulty conviction. *Id*. at 1047. "Defense counsel had a full opportunity to cross-examine Southard at trial about the difference between his pretrial reports and his testimony at trial, questioning his motives and trying to undermine his credibility. And to some

extent they did so. The alleged inconsistencies thus were laid bare to the jury. That too suffices to withstand plain error review." *Id*. While the Sixth Circuit was addressing a different argument by a different defendant, their observations support the conclusion that this defendant has not overcome the presumption that counsel's actions were reasonable and there was no prejudice. The Court finds that defendant has failed to make out a valid case of ineffective assistance of counsel.

    Now, therefore,

    IT IS HEREBY ORDERED that defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is DENIED.

Dated: September 15, 2020

                                      <u>s/George Caram Steeh</u>
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE