UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                             Case No. 11-20188-05

BERNARD THOMAS EDMOND,     HON. GEORGE CARAM STEEH

    Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE [ECF NO. 445]

Defendant Bernard Edmond seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in the form of a reduction of his sentence. As circumstances supporting "extraordinary and compelling reasons", Edmond refers to the disparity created when Congress substantially reduced the sentencing guidelines that apply to his firearm offenses, disparities in § 924(c) sentences based on a defendant's race, and his prison record and rehabilitation efforts. For the reasons stated below, Edmond's motion for compassionate release is DENIED.

## BACKGROUND FACTS

Over a six-month period in 2010, Edmond was involved in a complex conspiracy whereby he took possession of luxury vehicles which had been

- 1 -

carjacked, ran them though his chop shop, and then sold the vehicles. To obtain the vehicles, Edmond's co-defendants Phillip and Frank Harper typically threatened a parking lot valet with a gun while other conspirators took the keys and drove the cars away. Once the vehicles were in his possession, Edmond caused new titles to be fabricated and the appearance of the vehicles altered, before selling them. After trial, the jury convicted Edmond of 14 counts for his involvement in the conspiracy. Edmond was convicted of conspiracy to commit carjacking, three counts of carjacking, one count of attempted carjacking, three counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), operating a chop shop and various crimes related to creating false identification numbers for the vehicles.

At the time of Edmond's sentencing in 2014, the statute provided for a mandatory minimum sentence of 5 years for the first § 924(c) count and a mandatory consecutive sentence of at least 25 years for each "second or subsequent" firearm violation. 18 U.S.C. § 924(c)(1)(A)(i); 18 U.S.C. § 924(c)(1)(C)(i). Therefore, the Court was constrained to issue a consecutive mandatory minimum sentence of 660 months for Edmond's three firearm counts. The Court sentenced Edmond as follows on the other counts: 60 months on the conspiracy and falsification of VIN numbers, 180

and 240 months on the various carjacking counts, and 120 months on the motor vehicles and chop shop counts. These sentences ran concurrent to each other and consecutive to the § 924(c) sentence. The result was a sentence of 900 months, or 75 years. (ECF No. 210).

Edmond filed an appeal and the Sixth Circuit affirmed his convictions and his sentence. *United States v. Edmond*, 815 F.3d 1032, 1039-40, 1048 (6th Cir. 2016). Edmond then filed a petition for Writ of Certiorari in the United States Supreme Court. His petition was granted, and the Supreme Court vacated the judgment, remanding the case to the Sixth Circuit for further consideration in light of *Dean v. United States*, -- U.S. --, 137 S.Ct. 1170 (2017). In *Dean,* the Supreme Court held that a sentencing court may consider the length of a sentence imposed by a mandatory minimum statute when calculating a sentence for the predicate counts. *Id*. On May 9, 2018, upon remand from the Sixth Circuit, this Court resentenced Edmond, reducing his sentence to one day on the eleven predicate counts after considering the length of the mandatory minimum sentence for the firearm counts. Edmond's new sentence was 660 months, or 55 years, on the three § 924(c) convictions to be served consecutively to one day on the predicate convictions. (ECF No. 311).

When Edmond filed his pending motion in April 2021, he had an appeal pending in the Sixth Circuit Court of Appeals challenging this Court's denial of his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. That appeal is still pending. *See*, *Bernard Edmond v. United States*, 20-1929.

## LAW AND ANALYSIS

I. The Court's Authority to Grant Compassionate Release

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by § 3582(c)(1)(A). Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

Once the exhaustion requirement has been satisfied, a court may grant a motion for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) "extraordinary and compelling

- 4 -

reasons warrant [a sentence] reduction," (2) the reduction is consistent with the "applicable policy statements issued by the Sentencing Commission," and (3) "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" have been considered. 18 U.S.C. § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *Jones*, 980 F.3d at 1111. The district court may deny a motion for compassionate release upon finding that a defendant fails to meet any of the applicable criteria and does not need to address the other factors before denying the motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

II. Exhaustion

Edmond filed a request for compassionate release with the BOP on March 17, 2020. Thirty days passed without a response from the warden. Edmond has therefore exhausted his administrative remedies before the BOP.

III. Extraordinary and Compelling Reasons

Edmond makes several arguments in support of his request for compassionate release in the form of a reduction of his sentence. Edmond

- 5 -

points to the First Step Act's changes to § 924(c)'s sentencing structure, which result in dramatic reductions in mandatory minimum sentences issued after the statute's enactment. Because the changes do not apply retroactively, there are large disparities between defendants sentenced for the same offense before and after the change in law. Edmond argues that this provides an extraordinary and compelling reason under § 3582(c)(1)(A), especially when viewed together with the disproportionate imposition of § 924(c) sentences on African American men, as well as the disparity between his lengthy sentence and the average sentence issued for other serious crimes. Finally, he contends that post-sentencing developments, including his rehabilitation efforts, provide an extraordinary and compelling reason for granting a sentence reduction. The Court addresses each argument in turn.

Approximately seven months after Edmond was re-sentenced, Congress passed the First Step Act which, among other things, amended § 924(c) to eliminate the "stacking" of mandatory sentences for successive violations charged in the same indictment. Under the First Step Act, a 25-year sentence for a second § 924(c) conviction may only be imposed for defendants who have been convicted previously of violating § 924(c). First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194, 5221-22

- 6 -

(2018); 18 U.S.C. § 924(c)(1)(C). If Edmond had been sentenced or even re-sentenced after the First Step Act was enacted, he would face a mandatory minimum sentence on the firearm convictions of 15 years (5 years for each of his three firearm convictions), rather than 55 years. 18 U.S.C. § 924(c)(1)(A). However, Congress did not make the First Step Act apply retroactively to defendants like Edmond who had already been sentenced.

There have been several decisions issued by the Sixth Circuit related to motions for compassionate release involving nonretroactive changes in the law while Mr. Edmond's motion has been pending. This Court delayed ruling on Edmond's motion, believing that the Sixth Circuit would clarify the intra-circuit split over whether a nonretroactive change in sentencing law can support a finding of "extraordinary and compelling" reasons under § 3582(c)(1)(A). *See e.g. United States v. Owens*, 996 F.3d 755, 760 (6th Cir. 2021) (distinguishing *Tomes*[1] and *Wills*[2] and "[holding] that, in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual

---

[1] *United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021).
[2] *United States v. Wills*, 991 F.3d 720 (6th Cir. 2021).

sentence and the sentence that he would receive if the First Step Act applied."); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021) (holding, based on *Tomes* and *Wills*, that a district court lacks the authority to reduce a defendant's sentence based on a non-retroactive change in the law, whether alone or in combination with other factors); *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021) (extending the holding and reasoning of *Jarvis* relating to nonretroactive changes in statutes to cases involving nonretroactive judicial decisions); *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021) ("Under our precedents, a court may consider a nonretroactive change in the law as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).").

At Edmond's sentencing and re-sentencing, the Court was bound by the statutory mandatory minimum sentence applicable to his § 924(c) counts. Today the Court remains frustrated because it lacks clear guidance whether it can consider the nonretroactive change in the statute in its assessment of whether extraordinary and compelling circumstances exist such that Mr. Edmond may qualify for a reduction to a portion of his lengthy sentence.

In addition to the disparity between his sentence and one imposed for the same crimes after the First Step Act, Edmond maintains that he is harmed by the "disproportionate imposition of pre-First Step Act § 924(c) sentence[s] on African American men." ECF No. 445, PageID.5805. He also contends that his sentence is "decades longer than sentences imposed on average for offenses that [are] at least as, if not more, serious than his offenses." *Id*. Edmond offers no support or explanation for either of these arguments.

Finally, Edmond cites his rehabilitative efforts as a basis for relief. While rehabilitative efforts are relevant to a discussion of the § 3553(a) factors, Congress has made it clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Given the constraints on what factors can be considered, the Court does not find that Edmond's circumstances rise to the level of extraordinary and compelling. Upon finding that Edmond fails to meet the applicable criteria to show the existence of extraordinary and compelling circumstances, the Court is not obligated to address the other factors before denying his motion. *Elias*, 984 F.3d at 519.

IV. <u>The Court's Jurisdiction</u>

In his appeal pending in the Sixth Circuit, Edmond seeks to have his convictions overturned and his sentence vacated, while in his motion for compassionate release he seeks a reduction to his sentence. Once an appeal has been filed, "adjudicatory authority over any aspect of the case. . . . involved in the appeal" generally shifts to the court of appeals. *United States v. Carman*, 933 F.3d 614, 615 (6th Cir. 2019). However, Federal Rule of Criminal Procedure 37 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The Court therefore has authority to deny defendant's motion to reduce sentence.

Although the Court denies Edmond's request for relief, the question can be renewed if the Sixth Circuit or the United States Supreme Court indicates that district courts may consider the nonretroactive changes made to § 924(a) sentencing, or any of the other reasons argued by Edmond.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that defendant's motion to reduce sentence (ECF No. 445) is DENIED.

Dated: April 21, 2022

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 21, 2022, by electronic and/or ordinary mail and also on Bernard Thomas Edmond #09837-039, USP Florence – High, U.S. Penitentiary, P.O. Box 7000, Florence, CO 81226.

s/Brianna Sauve  
Deputy Clerk

---